FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 10, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TERESA M., <br><br>  Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY, <br><br>  Defendant. | No. 2:19-CV-00348-JTR <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 11, 12. Attorney David Lybbert represents Teresa M. (Plaintiff); Special Assistant United States Attorney Danielle Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on February 1, 2016, alleging disability since December 22, 2013 due to depression, anxiety, fibromyalgia, high blood pressure, arthritis, and back problems. Tr. 247. The applications were denied initially and

ORDER GRANTING DEFENDANT'S MOTION . . . . - 1

upon reconsideration. Tr. 286-93, 296-315. Administrative Law Judge (ALJ) Eric Basse held a hearing on September 22, 2017, Tr. 193-243, and issued an unfavorable decision on September 6, 2018. Tr. Tr. 17-27. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on August 15, 2019. Tr. 1-6. The ALJ's September 2018 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 16, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1973 and was 40 years old as of her alleged onset date. Tr. 26. She has a high school education and some college coursework. Tr. 197, 476. Her work history was primarily in childcare and security. Tr. 223-30. She stopped working in 2013 due to health issues. Tr. 198-99. At her hearing she testified that she is unable to work due to pain, fatigue, and panic attacks. Tr. 200-01, 213, 216, 230-31.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the

ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 6, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff had the following severe impairments: obesity and anxiety disorder. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light work with the following specific limitations:

> The claimant is limited to simple, routine tasks and familiar, detailed tasks. She would be precluded from highly detailed or highly complex tasks. The claimant can have only superficial interaction with the general public and co-workers but no requirement to frequently deal with co-workers. She can interact with supervisors frequently.

Tr. 22.

At step four, the ALJ found Plaintiff unable to perform her past relevant work as a child monitor, cashier, security guard, social service aide, childcare attendant, or teacher aide. Tr. 25.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff was capable of performing, including the jobs of production line solderer, electrical accessories assembler, semi-conductor die loader, table worker, and cutter/paster. Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 27.

**ISSUES**

///

///

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting medical opinion evidence; (2) improperly rejecting Plaintiff's subjective complaints; (3) making step five findings that did not account for all of Plaintiff's limitations; (4) failing to find chronic pain, fibromyalgia, and ankle arthritis to be severe impairments; and (5) failing to account for limitations in an opinion to which the ALJ assigned great weight.

## DISCUSSION

**1.    Step Two**

Plaintiff argues the ALJ erred in failing to find fibromyalgia, chronic pain, and arthritis to be severe impairments. ECF No. 11 at 2-6, 17-18.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. §§ 404.1520(a)(ii), 416.920(a)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1521, 416.921. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities."  20 C.F.R. § 404.1522(a). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ found there was no objective evidence in the record to establish the etiology of Plaintiff's alleged pain complaints, and noted that Plaintiff's pain symptoms were generally well-controlled with treatment. Tr. 20. He thus found the diagnoses of fibromyalgia, chronic pain syndrome, peripheral neuropathy, left ankle sprain, and hypertension to be non-severe. *Id.*

Plaintiff argues the record contains objective signs of these conditions, and asserts the necessary symptoms are present to establish fibromyalgia as a severe condition. ECF No. 11 at 2-6, 17-18. She argues the ALJ selectively cited the record, noting only times when she was doing better. *Id.* at 4-5. Defendant asserts Plaintiff failed to identify any harmful error, as the ALJ still took into account the non-severe impairments throughout the remainder of the decision. ECF No. 12 at 2-3. Defendant further argues Plaintiff failed to identify any functional limitations that were not properly accounted for in the RFC, and that any error in not limiting Plaintiff to sedentary work was harmless given the step five findings. *Id.* at 4.

The Court finds any error is harmless. Step two was resolved in Plaintiff's favor, and Plaintiff fails to identify any credited limitation associated with the identified conditions that was not considered by the ALJ and incorporated into the RFC at step four. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). The ALJ limited Plaintiff to no more than light level work and found her capable of performing both light and sedentary jobs at step five. Tr. 22, 26-27. The only opinion Plaintiff identified in the record as containing greater limitations than those in the RFC was Mr. Murrell's opinion limiting Plaintiff to sedentary work, which would not have eliminated all the jobs found at step five. Therefore, any error in not identifying these conditions as severe was harmless at most.

**2.    Plaintiff's subjective statements**

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 11 at 15-16.

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms to be not entirely consistent with the medical evidence and other evidence in the record. Tr. 23. The ALJ found Plaintiff's allegations to be undermined by evidence showing her impairments were generally controlled by her medications, and he noted that the observations of Plaintiff in the record were unremarkable. Tr. 23-24.

Plaintiff argues the ALJ failed to identify what testimony was not credible or what evidence undermined it, and argues that none of the activities identified by the ALJ contradict Plaintiff's allegations.[1] ECF No. 11 at 15-16. Defendant argues

---

[1] The ALJ did not discount Plaintiff's subjective allegations based on her activities. Tr. 23-24.

ORDER GRANTING DEFENDANT'S MOTION . . . - 7

1 the ALJ reasonably considered the record and offered clear and convincing reasons for discounting Plaintiff's statements, and asserts Plaintiff has failed to specifically challenge any of the given reasons. ECF No. 12 at 7-11.

The Court finds no error. In evaluating a claimant's reports, an ALJ may consider "the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms." Social Security Ruling 16-3p. The ALJ noted multiple times in the record when Plaintiff reported her symptoms were well-controlled with medication. Tr. 23-24. The Court finds this is an accurate summary of the record, both regarding Plaintiff's mental health and her pain symptoms. Tr. 576, 603, 670, 792, 1397 (pain is well-controlled, tolerable, or stable); 667, 811, 1366, 1382, 1393 (doing well on current dosage); 579, 815, 843, 1390 (mental health medications help, control symptoms). The times when Plaintiff reported increases in her pain tended to be in the context of not taking her medications for various reasons or weaning off them too quickly. Tr. 625, 633, 655, 661, 673, 1371. The ALJ reasonably considered the relief Plaintiff received from her treatment in assessing the reliability of her claims.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ pointed to the generally unremarkable physical and mental status exams throughout the record that fail to support limitations to the extent alleged by Plaintiff. The ALJ's interpretation of the record is reasonable, given the substantial number of times when exam findings were normal. Tr. 480-81, 586, 766, 815, 846-47, 1368, 1373, 1381, 1385, 1387, 1393.

The Court therefore finds the ALJ offered clear and convincing reasons for his assessment of Plaintiff's subjective reports.

///

**3.     Opinion evidence**

Plaintiff alleges the ALJ improperly weighed the opinion evidence. ECF No. 11 at 6-7, 12-15, 18-19. Specifically, she asserts the ALJ improperly rejected the opinions from consultative examiner Dr. Thomas Genthe and treating PA-C Ben Murrell, and failed to include all limits noted by state reviewer Dr. Renee Eisenhauer. *Id.*

*a. Examining source Dr. Thomas Genthe*

Plaintiff attended a consultative psychological exam with Dr. Thomas Genthe in October 2014. Tr. 476-84. Dr. Genthe diagnosed Plaintiff with a panic disorder with agoraphobia and a depressive disorder. Tr. 478. He opined Plaintiff had mostly none to mild limitations in various areas of functioning, but found she was markedly impaired in communicating and performing effectively in a work setting, maintaining appropriate behavior in a work setting, and setting realistic goals and planning independently, and found she was moderately impaired in her ability to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 478-79.

When an examining physician's opinion is contradicted by another physician, the ALJ may reject the opinion by providing "specific and legitimate reasons," based on substantial evidence. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Dr. Genthe's opinion is contradicted by the opinion from the state reviewing doctor. Tr. 267-69.

The ALJ gave this opinion some weight, but found it was not supported by the record, particularly the findings of his own evaluation. Tr. 24-25.

///

Plaintiff argues the ALJ failed to compare Dr. Genthe's opinion to that of Dr. Eisenhauer and consider the longitudinal similarity of limitations and findings. ECF No. 11 at 13-15. Defendant argues the ALJ reasonably pointed to the normal findings on Dr. Genthe's exam, and that the other records show mostly normal mental status findings. ECF No. 12 at 13-14.

The lack of support and inconsistency with the record as a whole are specific and legitimate reasons to discount the opinion from Dr. Genthe. 20 C.F.R. §§ 404.1527(c)(3)-(4), 416.927(c)(3)-(4) ("The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Dr. Genthe's exam results contain no abnormal findings, and Plaintiff reported her mood as reasonably happy. Tr. 480-81. Dr. Genthe's report does not contain support for the marked limitations assessed. As discussed above, the record contains largely normal mental status exam findings. The ALJ's analysis is supported by substantial evidence.

*b. Treating source Ben Murrell, PA-C*

Plaintiff's treating provider, Ben Murrell, PA-C, completed a form for the Washington State Department of Social and Health Services in June 2016. Tr. 762-64. He opined Plaintiff had marked limitations in all areas of functioning due to leg and foot pain and anxiety, and moderate impairment due to nausea/vomiting. Tr. 763. He stated she was limited to sedentary work and recommended temporary disability while further treatment and evaluation were pursued. Tr. 764.

The ALJ gave this opinion little weight, noting that Mr. Murrell had only examined Plaintiff on one occasion and the accompanying treatment notes of the visit did not reveal any limitations. Tr. 24. He further noted the general record did not contain objective findings to support Plaintiff's pain complaints. *Id.*

///

///

///

An ALJ may discount the opinion of an "other source," such as a nurse practitioner, if he provides "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).[2]

Plaintiff argues that substantial evidence does not support the ALJ's interpretation of the record as showing improved or normal findings, as her fibromyalgia waxes and wanes. ECF No. 11 at 13. Defendant asserts the ALJ offered germane reasons for discounting Mr. Murrell's opinion, and notes Plaintiff failed to challenge all of the reasons offered by the ALJ. ECF No. 12 at 12-13. Defendant further notes that Mr. Murrell did not base his opinion on a fibromyalgia diagnosis. *Id.* at 12.

The Court finds the ALJ offered germane reasons for assigning little weight to Mr. Murrell's opinion. The consistency of a medical opinion with the record as a whole is a germane factor for an ALJ to consider in evaluating the weight due to an "other source," along with the nature of the treatment relationship and the amount of relevant evidence supporting the opinion. 20 C.F.R. §§ 416.927(c)(2)(4), 416.927(f). The ALJ reasonably considered the fact that Mr. Murrell had only seen Plaintiff on one occasion and the accompanying records from that visit did not document any objective findings of limitations. Tr. 765-66.

Furthermore, as the ALJ identified sedentary jobs at step five, any potential error in the ALJ's rejection of Mr. Murrell's opinion is harmless. *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (an error is harmless when "it is clear from the record that the . . . error was inconsequential to the ultimate nondisability determination").

///

---

[2] Plaintiff cites to law regarding treating physicians. ECF No. 11 at 12-13. Mr. Murrell is a physician's assistant, which is not an acceptable source under the rules governing this claim. *See* 20 C.F.R. § 404.1502(a)(8).

*c. Reviewing source Dr. Renee Eisenhauer*

At the reconsideration stage of adjudication, Plaintiff's file was reviewed by Dr. Renee Eisenhauer. Tr. 267-69. Dr. Eisenhauer opined Plaintiff was cognitively capable of simple routine tasks and complex and detailed tasks on a regular and routine basis, and that even though her physical/somatic concerns would impair her concentration, persistence, and pace occasionally, she was still capable of maintaining concentration for two hour intervals. Tr. 268. Dr. Eisenhauer further stated Plaintiff was best suited for superficial contact with coworkers and the public and could have moderate contact with supervisors to remain on task. Tr. 268-69. The ALJ gave this opinion great weight and found it consistent with the findings and observations throughout the record. Tr. 25.

Plaintiff asserts the ALJ erred in failing to account for or give any reason for rejecting the various moderate limitations Dr. Eisenhauer noted, including on the ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, work in coordination with or in proximity to others, and complete a normal workday and workweek without interruptions from psychologically based symptoms. ECF No. 11 at 6-7, 18-19.

The Court finds no error. The form completed by Dr. Eisenhauer contains ratings in various categories then requested the doctor "Explain in narrative form" the degree of specific capacities or limitations. Tr. 268-69. These narrative portions specify the actual functional limitations Dr. Eisenhauer found stemmed from the various moderate limitations she assessed. The ALJ accounted for all concrete limitations offered.

**4. Step five**

Plaintiff argues that the step five findings are insufficient, as the hypothetical posed to the vocational expert failed to account for all of Plaintiff's limitations. ECF No. 11 at 16-17. Plaintiff's argument is based on successfully showing that

the ALJ erred in his treatment of the evidence. *Id*. Because the Court finds that the ALJ did not harmfully err in his treatment of Plaintiff's symptom statements and the medical opinion evidence, Plaintiff's argument is without merit.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Therefore, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 12**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 11**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED November 10, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE